**Victoria E. AGUAYO, Regional Director of Region 21 of the National Labor Relations Board and on behalf of National Labor Relations Board, Petitioner–Appellee,**

v.

**S & F MARKET STREET HEALTH-CARE LLC, dba Windsor Convalescent Center of North Long Beach, Respondent–Appellant.**

No. 06–55721.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2006 *.

Filed Dec. 1, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Joshua M. Sable, Esq., Foley & Lardner, Los Angeles, CA, for Respondent–Appellant.

Before: B. FLETCHER, FERNANDEZ, and GRABER Circuit Judges.

## MEMORANDUM**

S & F Market Street Healthcare, LLC, d/b/a Windsor Convalescent Center of North Long Beach, (hereafter Windsor) appeals the district court's grant of a preliminary injunction ordering it to bargain in good faith with the Service Employees International Union, Local 434B (the Union). We affirm.

Our review of the record satisfies us that the district court properly determined that it was likely that the National Labor Relations Board would prevail on the merits, that Windsor would have to bargain with the Union,[1] and that there would be irreparable harm to the Union, the employees, and the public interest if Windsor were not ordered to do so forthwith. *See Miller v. Cal. Pac. Med. Ctr.*, 19 F.3d 449, 460 (9th Cir.1994) (en banc). In fact, were the hardships balanced, it is apparent that if relief against Windsor's unfair labor practices were not granted, the hardship to the Union and the employees would far exceed any hardship Wind-

Judith Katz, National Labor Relations Board, Washington, DC, Neil Warheit, Esq., National Labor Relations Board, Los Angeles, CA, for Petitioner–Appellee.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The evidence quite clearly points to the conclusion that Windsor was a successor employer due to the continuity of the business and of the work force. *See Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 43–47, 107 S.Ct. 2225, 2236–38, 96 L.Ed.2d 22 (1987); *NLRB v. Burns Int'l Sec. Servs.*, 406 U.S. 272, 278–81, 92 S.Ct. 1571, 1577–79, 32 L.Ed.2d 61 (1972); *NLRB v. Jeffries Lithograph Co.*, 752 F.2d 459, 463–64 (9th Cir. 1985).

sor might suffer from the requirement that it bargain in good faith. *See Scott v. Stephen Dunn & Assocs.,* 241 F.3d 652, 669–70 (9th Cir.2001).

 We note that this is not a case where injunctive relief is extraordinary or disfavored.[2] Moreover, even if the NLRB did unduly delay in commencing this action, that is an insufficient reason to deny injunctive relief where, as here, harm is continuing and the question has not become moot.[3]

AFFIRMED.

---

2. The Union had already been elected and certified. Indeed, even when an election has not yet been held, an injunction may be appropriate. *See NLRB v. Gissel Packing Co.,* 395 U.S. 575, 613–15, 89 S.Ct. 1918, 1940, 23 L.Ed.2d 547 (1969) (employer actions undermined the election processes, so a bargaining order based on authorization cards alone was proper); *Scott,* 241 F.3d at 664–66 (same).

3. *See Aguayo ex rel. NLRB v. Tomco Carburetor Co.,* 853 F.2d 744, 750 (9th Cir.1988); *see also NLRB v. J.H. Rutter–Rex Mfg. Co.,* 396 U.S. 258, 264–66, 90 S.Ct. 417, 421, 24 L.Ed.2d 405 (1969).

